# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COTAPAXI CUSTOM DESIGN AND MANUFACTURING, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CHASE BANK USA, N.A.,**<br>**and JOHN DOES 1–100,**<br><br>Defendants. | Civ. No. 2:17-04292<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Cotapaxi Custom Design and Manufacturing, LLC ("Plaintiff") brings this action against Chase Bank USA, N.A. ("Defendant"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and various state law claims. This matter comes before the Court on Defendant's motion to dismiss Counts 2–6 under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in Carlstadt, New Jersey. Decl. of C. Turcotte, Ex. A, Compl. ¶ 1, ECF No. 10-2 [hereinafter "Compl."]. Defendant is a Delaware corporation with its principal place of business in Wilmington Delaware. *Id.* at ¶ 2. Plaintiff engaged Defendant's credit card services in the form of a Chase United Mileage Plus business credit card account (the "Account") from at least early 2013 through May 2016. *See id.* at ¶¶ 4, 6, 12. Plaintiff alleges damages of $643,998.99 arising out of purported fraudulent charges made to the Account by a third-party entity, BP Promos, beginning on May 6, 2013, and ending in May 2016. *See id.* at ¶¶ 8–12. Plaintiff's Complaint alleges six causes of action against Defendant:

(1) Count 1: violation of TILA, *see id.* at ¶¶ 28–37;
(2) Count 2: breach of contract, *see id.* at ¶¶ 38–43;
(3) Count 3: violation of the covenant of good faith and fair dealing, *see id.* at ¶¶ 44–49;
(4) Count 4: violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *see id.* at ¶¶ 50–64;
(5) Count 5: unjust enrichment, *see id.* at ¶¶ 65–70; and

1

(6) Count 6: fraud in the inducement, *see id*. at ¶¶ 71–79.

Defendant moves to dismiss Counts 2–6, but does not contest the validity of Count 1 at this time. *See* Def.'s Mem. of Law in Supp. of Mot. ("Def.'s Mem.") 1, ECF No. 10-1. Defendant argues that Counts 2 and 3 (the "contract claims") should be dismissed because the Complaint fails to identify the contract and the specific provisions therein that were breached. *See id*. at 4–6. Defendant argues that Counts 4 and 6 (the "fraud claims") should be dismissed because the Complaint fails to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See id*. at 6–8. Finally, Defendant argues that Count 5 should be dismissed because Plaintiff's claim amounts to nothing more than a formulaic recitation of the elements for unjust enrichment. *See id*. at 8–9.

Plaintiff responds by first suggesting that Defendant's 12(b)(6) motion is inappropriate because material questions of fact exist as to Defendant's conduct, which requires discovery by the parties. As part of this need for discovery, Plaintiff notes that it is not currently in possession of the contract which it claims Defendant breached. *See* Pl.'s Mem. of Law in Opp'n to Pl.'s Mot. ("Pl.'s Opp'n") 3–4, ECF No. 12. Plaintiff next claims that it satisfied Rule 9(b)'s heightened pleading standard by alleging that Defendant's employee conveyed false information to Plaintiff during a phone call on June 30, 2016. *See id*. at 4–6. Finally, Plaintiff submits that Defendant's conduct violates the covenant of good faith and fair dealing because it failed to investigate in good faith the fraudulent charges made to Plaintiff's Account. *See id*. at 6–9.

In its reply, Defendant reiterates its argument regarding the contract claims and asserts that Plaintiff does not need discovery to access the contract in question because it is publicly available. *See* Def.'s Reply Mem. of Law in Supp. of Mot. ("Def.'s Reply") 2–3, ECF No. 14. Defendant further argues that the June 30 conversation between its employee and Plaintiff cannot form the basis for a cause of action under the NJCFA. *See id*. at 4–6. Defendant maintains that Plaintiff fails to meet Rule 9(b)'s heightened pleading standard concerning its fraudulent inducement claim. *See id*. at 6–7. Finally, Defendant contends that Plaintiff did not respond to its argument for dismissal of the unjust enrichment claim, which the Court should consider unopposed and dismiss with prejudice. *See id*. at 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

The Court will first address the contract claims, followed by the fraud claims and the unjust enrichment claim. Ultimately, the Court finds that Plaintiff failed to plead properly all of the contested counts and Defendant's motion, therefore, is **GRANTED**.

#### A. The Contract Claims (Counts 2 & 3)

"A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002). Failure to identify breach of specific provisions of a contract constitutes grounds for dismissal. *See Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 459–60 (D.N.J. 2009). Likewise, there can be no breach of the covenant of good faith and fair dealing without the presence of a contract. *See Wade v. Kessler Inst.*, 778 A.2d 580, 584 (N.J. Super. Ct. App. Div. 2001).

Plaintiff fails to identify a contract and breach of specific provisions therein. As a matter of common sense, Plaintiff does not require discovery to obtain its credit card contract, which it claims Defendant breached. In all likelihood, Plaintiff could download the contract from Defendant's website or, at the very least, request a copy of the contract from Defendant as a longstanding customer. Regardless, Plaintiff's argument that it requires discovery to obtain the contract is meritless and cannot forgive the deficiencies in Plaintiff's pleadings. Accordingly, Counts 2 and 3 are **DISMISSED WITHOUT PREJUDICE**.

#### B. The Fraud Claims (Counts 4 & 6)

Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This heightened pleading standard applies to NJCFA and fraud-in-the-inducement claims. *See Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (applying Rule 9(b) to NJCFA claim); *Ceruzzi Holdings, LLC v. Inland Real Estate Acquisitions, Inc.*, No. 09-cv-5440, 2010 WL 1752184, at *4 (D.N.J. Apr. 29, 2010) (applying Rule 9(b) to fraud-in-the-inducement claim). "To satisfy this standard, the plaintiff must plead or allege the date, time and place

of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). "To state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Id.* (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367–368 (N.J. 1997)).

The only misrepresentations Plaintiff alleges purportedly occurred during a phone call between Plaintiff and Defendant's employee, Ryan Isler, which took place on June 30, 2016. *See* Compl. at ¶¶ 18–23, 50–64, 71–79; Pl.'s Opp'n at 5–6. Notably, this conversation occurred several years after Plaintiff decided to enter into a contract with Defendant for credit card services. Furthermore, Plaintiff claims that it corrected Mr. Isler's misrepresentations during that same phone call. Pl.'s Opp'n at 6. Plaintiff clearly cannot claim that Mr. Isler's purported misrepresentations induced it to enter into the contract or make a payment in connection therewith. At a minimum, Plaintiff fails to allege reasonable reliance. Accordingly, Counts 4 and 6 are **DISMISSED WITHOUT PREJUDICE**.

### C. Unjust Enrichment (Count 5)

Plaintiff did not oppose Defendant's argument for dismissal of the unjust enrichment claim. Defendant argues that Plaintiff's claim is conclusory and amounts to a formulaic recitation of the elements. Def.'s Mem. at 8–9. The Court agrees with Defendant and, in the absence of any response by Plaintiff, considers the claim abandoned. *See Yocham v. Novartis Pharms. Corp.*, 736 F. Supp. 2d 875, 890 (D.N.J. 2010) (granting summary judgment in favor of defendant where plaintiff did not address defendant's argument in its opposition); *Ultraflex Sys., Inc. v. Verseidag-Indutex GmbH*, No. 01-cv-129, 2006WL 1098181, at *8 (D.N.J. Mar. 30, 2006) ("[C]ourts both within and beyond the Third Circuit routinely have held the claim at issue to have been abandoned when it is not defended in its opposition to defendant's motion." (internal quotations and citations omitted)). Accordingly, Count 5 is **DISMISSED WITH PREJUDICE**.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Counts 2–4 and 6 are **DISMISSED WITHOUT** PREJUDICE. Count 5 is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 21, 2016**