UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COTAPAXI CUSTOM DESIGN AND MANUFACTURING, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CHASE BANK USA, N.A.,** <br> and **JOHN DOES 1–100,** <br><br> **Defendants.** | Civ. No. 2:17-04292 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Cotapaxi Custom Design and Manufacturing, LLC ("Plaintiff") brings this action against Chase Bank USA, N.A. ("Defendant"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and various state law claims. This matter comes before the Court on Defendant's motion for summary judgment on Count 1, the TILA claim, pursuant to Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**.

I. **BACKGROUND**

Plaintiff is a Delaware corporation with its principal place of business in Carlstadt, New Jersey. Notice of Removal, Ex. 1 ¶ 1, ECF No. 1 [hereinafter "Compl."]. Defendant is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* ¶ 2. Plaintiff engaged Defendant's credit card services in the form of a Chase United Mileage Plus business credit card account (the "Account") from at least early 2013 through May 2016. *See id.* at ¶¶ 4, 6, 12. Plaintiff alleges damages of $643,998.99 arising out of purported fraudulent charges made to the Account by a third-party entity, BP Promos, beginning on May 6, 2013, and ending in May 2016. *See id.* at ¶¶ 8–12. Defendant now moves for summary judgment on the sole remaining count of the Complaint, Plaintiff's TILA claim.[1] Def.'s Mem. of Law in Supp. of Its Mot. ("Def.'s Mem.") 1, ECF No. 21-2. The following facts are undisputed.

---

[1] The Court previously dismissed Counts 2–4 and Count 6 without prejudice. It also dismissed Count 5 with prejudice. ECF Nos. 19–20.

Between May 6, 2013, and May 23, 2016, BP Promos made $644,363.89 in charges to the Account. *See* Decl. of M. Griffith ("Griffith Decl.") ¶ 5, ECF No. 21-3; Pl.'s Statement of Additional Material Facts ¶ 3, ECF No. 24-1. Prior to that time, in early 2013, Plaintiff retained Bonhill Productions to provide printing services, which was owned by an individual named Gerald Nussbaum. *See* Compl. ¶¶ 4–6. Plaintiff ceased using Bonhill Productions in April 2013, after which time Mr. Nussbaum apparently formed BP Promos and began making the alleged fraudulent charges to the Account. *See id*. ¶¶ 7–9.

Plaintiff received hundreds of charges from BP Promos over the ensuing three-year period, which were reflected on the monthly billing statements provided by Defendant. *See* Griffith Decl. ¶ 4, Exs. A & B. Plaintiff paid $598,723.61 of those charges without contest. *See id*. ¶¶ 7–10. On May 23, 2016, Plaintiff's bookkeeper finally noticed BP Promos' charges and called Defendant, informing it of the charges' fraudulence. *See id*. ¶ 6; Compl. ¶ 13. After that call, BP Promos made no further charges to the Account. *See* Griffith Cert. ¶ 10. After July 2016, Plaintiff ceased paying its balance on the Account, leaving $145,945.16 in unpaid charges, at least $15,668.44 of which were attributable to BP Promos. *See id*. ¶¶ 9, 11–12. In March 2017, Defendant ceased attempting to collect the unpaid balance from Plaintiff. *Id*. ¶¶ 13–14.

Defendant argues that Plaintiff's TILA claim fails as a matter of law because TILA does not provide a right of reimbursement for fraudulent charges already paid by Plaintiff. *See* Def.'s Mem. at 4–5. Defendant further argues that Plaintiff cannot recover damages for charges that it never paid because unpaid charges do not reflect an actual loss. *See id*. 5–7. Moreover, Defendant submits that it has ceased attempting to collect on those unpaid charges and, therefore, no actual controversy exists for the Court to adjudicate. *See id*.

Plaintiff opposes, arguing that Defendant's conduct violated TILA because Defendant cannot possibly claim that Plaintiff acted in a manner that created apparent authority for BP Promos to continue charging its account. *See* Mem. of Law of Pl. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n") 5–9, ECF No. 24. Plaintiff suggests that the cases cited to by Defendant are distinguishable from the instant facts because those cases involved fraudulent charges made by a company's internal employee, not by an external vendor as here. *See id*. at 6–8. Furthermore, Plaintiff cites to a June 2016 phone call with Defendant's employee, where the employee allegedly made multiple false statements concerning Defendant's investigation into the fraudulent charges. *See id*. at 8–9.

Defendant filed a reply, responding that Plaintiff's attempt to distinguish the instant facts from Third Circuit precedent is meritless. *See* Def.'s Reply Mem. of Law ("Def.'s Reply") 2–3, ECF No. 26. Defendant further submits that Plaintiff fails to show that a live controversy exists because the unpaid charges are not actual damages. *See id*. at 3–5. Finally, Defendant asserts that Plaintiff's arguments regarding apparent authority are irrelevant. *See id*. 5–6.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp*., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

The Court agrees entirely with Defendant that Plaintiff's TILA claim fails as a matter of law. Plaintiff's claim arises out of 15 U.S.C. § 1643, which limits the liability of a cardholder for unauthorized use of a credit card. *See* Pl.'s Opp'n at 5. The Third Circuit, however, has unequivocally stated that the statute does not also provide a cardholder with a right to reimbursement of fraudulent charges that it has already paid to the card issuer. In *Sovereign Bank v. BJ's Wholesale Club, Inc.*, the Third Circuit explained:

> The TILA § 1643 does not impose any obligation on issuers of credit cards to pay the costs associated with unauthorized or fraudulent use of credit cards. It simply limits the liability of cardholders, under certain circumstances, to a maximum of $50 for unauthorized charges. Indeed, § 1643 does not address, nor is it even concerned with, the liability of an Issuer or any party other than the cardholder for unauthorized charges on a credit card.

533 F.3d 162, 175 (3d Cir. 2008).

While *Sovereign Bank* concerned an indemnification claim, the Third Circuit subsequently applied that same interpretation to a case where a cardholder sought reimbursement of fraudulent charges he had already paid to the card issuer. "The language of § 1643 does not, however, enlarge a card issuer's liability or give the cardholder a right to reimbursement. . . . Faced here with the same issue in a new context, we arrive at the same outcome: § 1643 of the TILA does not provide the cardholder with a right to reimbursement." *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 217 (3d Cir. 2010).

Plaintiff's attempts to distinguish this holding from the instant facts make no difference in the outcome. Plaintiff, as the cardholder, is not entitled to the amount it has already paid Defendant, the card issuer. Plaintiff, therefore, has no right to recover the $598,723.61 it has already paid. Furthermore, Defendant clearly stated in its briefing papers that it has abandoned all efforts to procure payment from Plaintiff for the outstanding balance on the Account, a position to which it will be bound henceforth at the issuance of this Court's opinion and accompanying order. *See* Def.'s Mem. at 6. Consequently, Plaintiff cannot show actual loss of any money to which it has a right to

recover under TILA. *See* 15 U.S.C. § 1640(a)(1); *Vallies v. Sky Bank*, 591 F.3d 152, 160 (3d Cir. 2009) (stating that "proof of 'actual damages' under § 1640(a)(1) requires a showing of causation and actual loss"). Accordingly, Defendant's motion is **GRANTED** and Plaintiff's TILA claim is **DISMISSED WITH PREJUDICE**.[2]

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment on Count 1 of the Complaint is **GRANTED** and Count 1 is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                         */s/ William J. Martini*
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 4, 2018**

---

[2] The Court need not address Plaintiff's arguments concerning apparent authority because it cannot possibly show that it incurred actual damages under the law.